UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BOBBY WEATHERTON (#A197387)

VERSUS                                          CIVIL ACTION

ROBIN C. O'BANNON, ET AL                        NUMBER 11-157-RET-SCR

ORDER

Pro se plaintiff Bobby Weatherton, a pretrial detainee confined at Ascension Parish Jail, Donaldsonville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Ascension Parish Assistant District Attorney (ADA) Robin C. O'Bannon and public defenders Susan K. Jones and Keith D. Crawford. Plaintiff alleged that Jones and Crawford conspired with ADA O'Bannon to deny him effective assistance of counsel in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual

allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept

2

"a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

Plaintiff alleged that Jones and Crawford were appointed to represent him in state criminal proceedings. Plaintiff alleged that Jones and Crawford conspired with ADA O'Bannon to deny him effective assistance of counsel. Specifically, the plaintiff alleged that the defendants conspired to deny him a fair and impartial jury trial, the right to prepare a meaningful defense, to call lay and expert witnesses, to adduce physical evidence and to have the physical evidence undergo scientific and expert testing, to confront witnesses against him, to contest the admissibility of other crimes evidence and to suppress illegally obtained evidence and information.

To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982). The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v. Roberts, supra*.

Plaintiff's conspiracy allegations are conclusory and fail to state a claim upon which relief can be granted.

Therefore;

IT IS ORDERED that the plaintiff shall have 21 days from the date of this order to file an amended complaint to allege specific facts against each of the named defendants sufficient to state a claim upon which relief can be granted. Failure to do so may result in dismissal of the plaintiff's complaint.

Baton Rouge, Louisiana, April 27, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE